Argued December 21, 1928, affirmed January 22, 1929.

STATE *v.* GEORGE F. HANNULA.

(273 Pac. 720.)

For appellant there was a brief over the name of *Mr. Harold Banta,* with an oral argument by *Mr. C. W. Robison.*

For respondent there was a brief over the name of *Mr. F. P. Leinenweber,* District Attorney, with an oral argument by *Mr. F. M. Franciscovich.*

RAND, J.—The defendant was tried upon an indictment charging him with the crime of murder in the first degree for the killing of Ella Hannula, his wife, by shooting her with a rifle, and was convicted of the crime of murder in the second degree. From this judgment he appeals, assigning as error the giving of two instructions by the trial court. The first instruction complained of grew out of the following facts:

The evidence offered by defendant showed that the homicide occurred immediately following a party given by defendant's mother at Astoria, at which intoxicating liquor had been drunk by defendant and others present at the party. By his counsel defendant requested the court to instruct the jury to the effect that it might take into consideration the fact that the defendant was intoxicated at the time of the shooting in determining the purpose, motive or intent with which the act was committed. The court instructed the jury fully and correctly upon that phase of the case and it is not contended that the instruction did not contain a correct statement of the law, but in giving said instruction the court com-

menced the instruction with these words: "The defendant says that at the time of the killing, he was intoxicated and, therefore, incapable of forming the essential intent and deliberation and premeditation necessary to constitute the crime charged in the indictment.

After the instructions had been given and before the jury retired for deliberation the court asked counsel if they had any exceptions to the charge, whereupon the following took place:

"Mr. Banta: Your Honor, at the commencement of your instructions on intoxication you used these words: 'You are instructed that the defendant in the case says or claims that he was intoxicated at the time of the commission of the crime charged in the indictment.'

"I believe that the testimony of the defendant and his witnesses—he doesn't claim that he was intoxicated; there is no testimony that he had had over one or two drinks of intoxicating liquor. For that reason I believe that is an incorrect statement. I would like an exception to that statement or have it corrected.

"The Court: Why do you pass up this character of instructions on that very subject if that is the case?

"Mr. Banta: We have the instructions here on that subject, but there are none of them preceded by the statement that the defendant claims that he was intoxicated.

"The Court: Your instructions numbered XXVI and XXVII are the same thing, only they are expressed a little different.

"Mr. Banta: The particular point, your Honor, is the statement that the defendant claims that he was intoxicated. His testimony does not claim—

"The Court: You may have an exception."

While it is true that the defendant did not testify that he was intoxicated at the time of the homicide,

he did testify that he had taken several drinks of intoxicating liquor immediately preceding the time of the homicide and, based upon such testimony and the testimony of other witnesses introduced in his behalf, his counsel requested the court to instruct the jury upon principles of law, which instructions could not have been given unless there was evidence tending to show that the defendant was intoxicated at the time of the homicide. The court, therefore, had the right to assume that it was the theory of the defense that the defendant was intoxicated at the time of the killing and, hence, it was not error for the court to preface his instructions with the statement that the defendant "says" or claims that at the time of the killing he was intoxicated, for if defendant himself did not say so, his counsel said it for him.

The only remaining assignment of error is that the court erred in giving the following instruction:

"It is also a presumption of the law and when the facts exist upon which to base it, it is conclusive, that an intent to murder exists from the deliberate use of a deadly weapon, causing death within a year; and you are instructed that a 25–35 Winchester rifle is a deadly weapon. But in order for that presumption to apply its unlawful use must be deliberate, that is, there must have been an act of the mind which examined and considered whether the weapon should or should not be used. If a deadly weapon was used and its use was deliberate, then the law conclusively presumes an intent to murder, but these conclusive legal presumptions go no further than to establish what is necessary to constitute murder in the second degree. To raise the crime to murder in the first degree there must be some proof that the act was committed of deliberate and premeditated malice."

This instruction when read in connection with the remainder of the charge is in entire accord with the

holding of this court in *State* v. *Walters*, 105 Or. 662 (209 Pac. 349), and in the Oregon cases there cited. These questions have been ably presented but we can find no error in the record and, therefore, are compelled to affirm the judgment.     AFFIRMED.